

**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Esq.
Direct E-Mail: mburke@hwb-lawfirm.com

February 4, 2022

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

<u>Via ECF</u>

Re:     *United States v. Victor Burns* 21 CR 511

Dear Judge Karas,

I am submitting this letter in connection with Victor Burns' sentencing that is scheduled before your Honor on February 16, 2022. The plea agreement set forth the guideline range of 30 to 37. The probation department recommends a downward variance for sentence of 24 months followed by 5 years of supervised release. The defendant agrees with the probation department that a downward variance is warranted but is respectfully requesting a time served sentence of 5 months concurrent with his violation of supervised release. Such as sentence is sufficient but not greater than necessary.

The reasons for the requested sentence are the following: (1) defendant has already served a two-year term for the bank fraud charges. This same criminal conduct were part of the violations of supervised release in May of 2019 (PSR p. 13); (2) Mr. Burns has successfully completed an inpatient treatment program that included drug treatment, anger management and family counseling and (3) Mr. Burns is gainfully employed working two jobs. One for Man Power at a warehouse making $19.00 an hour and for Miller's a cleaning agency at night making $16.00 an hour. (See, Ex. J) and (4) Mr. Burns has moved to Queens NY over and hour away from Middletown, New York and his former girlfriend Victim-1.

In considering the 3553(a) factors, the probation department fails to fully recognize that Mr. Burns has already been sentenced to 24 months for the bank fraud charges when he was sentenced in May of 2019. Similarly, although probation does recognize Mr. Burns rehabilitative efforts by completing inpatient treatment, additional consideration should be given in sentencing Mr. Burns for his extraordinary rehabilitation. He successfully completed a two-month inpatient program at Phoenix House (Ex. A & B); he completed a six-week Stop the Violence Program while at Westchester County Jail (Ex. C); he successfully completed the understanding Domestic Violence Course while at Phoenix House (Ex. D); and he successfully completed the 24/7 Dad Program at the Phoenix House. (Ex. E)

## I. Application of the 3553(a) Factors Warrants a Non-Guideline Sentence For Victor Burns.

The challenge in this case, like all cases, is to determine a fair sentence that is sufficient but not greater than necessary. We can start with the general agreement that using someone's bank card without their permission is serious.

The overriding principle of 3553(a) requires a district court to impose a sentence "sufficient, but not greater than necessary," to satisfy the four purposes of sentencing set forth in 3553(a)(2). The four purposes of sentencing set forth in 3553(a)(2) are: (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant and (D) to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

The overriding principle of imposing a sentence that is sufficient *but not greater than necessary* to achieve these ends requires that the Court must also take into account 18 U.S.C. § 3582, especially when considering rehabilitation, the fourth purpose of sentencing under 3553(a)(2)(D). (emphasis supplied) 18 U.S.C. § 3582(a) states that the court, in analyzing the 3553(a), factors must recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation.

In determining whether the sentence is sufficient to comply with the 3553(a)(2) purposes of sentencing factors listed in § 3553(a). These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the kinds of sentences available;

(3) the now advisory sentencing guidelines and policy statements;

(4) the need to avoid unwarranted sentencing disparity; and

(5) the need to provide restitution where applicable.

None of these factors are to be given greater emphasis than another. However, all of the factors are subservient to the overriding mandate to impose a sentence not greater than necessary.

## II.    The Section 3553(a) Factors Militate in Favor of a Below-Guidelines Sentenced.

There are several reasons present to vary downward and impose a lenient sentence pursuant to 18 U.S.C. § 3553(a)."A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008); *see also United States v. Stewart*, 590 F.3d 93, 153 (2d Cir. 2009) (explaining that "a sentence outside the Guidelines carries no presumption of unreasonableness" and the "Guidelines are only one of the factors to consider when imposing [a] sentence" (internal citations and quotations omitted)). In considering the Section 3553(a) factors, sentencing courts should give no greater weight to the Guidelines calculations than to any of the other factors. *Kimbrough v. United States*, 552 U.S. 85, 101-02 (2007). Section 3553(a) requires that the Court impose a sentence "sufficient, but not greater than necessary," to comply with the purposes set forth in that section. *United States v. Beaufort*, No. 13-CR-125, 2014 WL 1278090, at *2 (E.D.N.Y. Mar. 27, 2014); *see also United States v. Cull*, 446 F. Supp. 2d 961, 963 (E.D. Wis. 2006) (stating § 3553(a) "requires the court to impose the least severe sentence necessary to satisfy the four purposes of sentencing - punishment, deterrence, protection of the public and rehabilitation"). Here, a sentence of 5 months accomplishes these purposes.

### 1.  The Nature and Circumstances of the Offense and the Characteristics of the Defendant

Section 3553(a)(1) instructs courts to consider the "nature and circumstances of the offense and the history and characteristics of the defendant" when crafting a sentence. Bank fraud is a

serious offense. However, Victor Burns was already sentenced to 24 months in May 2019 for this grade B violation when the guideline range was 12 to 18 months.

Similar to the bank fraud charges, the four specifications for the violations of supervised release all also relate to his ex-girlfriend V-1. These relate to Mr. Burns returning to Middletown to visit with her. On April 10, 2021 while on her porch he was assaulted and stabbed and Victim-1 drove him to the hospital. He returned to her home from the hospital to retrieve his car keys and she would not let him in so he damaged the door. Mr. Burns was wrong to reconnect with his ex-girlfriend. Although there may have been some good times their relationship is best described as toxic, laced with infidelity and jealousy. Victim-1 describes this in the letter she sent to Judge Seibel where victim-1 expresses her love for Mr. Burns and describing both her and Mr. Burns poor behavior. (Ex. F) Similarly, Victor's sister, mother, and current girlfriend all describe an unhealthy relationship between Victim-1 and Mr. Burns where he has tried to move on with his life without Victim 1 in his life. Mr. Burns has vowed that he has moved on. He has had no contact with Victim-1 for the last 10 months. He lives in Queens over an hour from Middletown and is working two jobs keeping himself occupied. He has a new girlfriend and lives in a stable environment with his sister.

### **CONCLUSION**

It is respectfully requested that the Court sentence Mr. Burns to a non-guideline sentence of 5 months which would be sufficient to satisfy the sentencing factors but would reasonable and not greater than necessary.

Respectfully,

/S/

MICHAEL K. BURKE

Cc:  Assistant United States Attorney Marcia Cohen (via ECF)

Exhibit A



# New York State Unified Court System
# Treatment Court Progress Form

DATE OF REPORT:. 2/4/22
REPORT PERIOD COVERING:
10/21/21 to 12/13/21

## CLIENT INFORMATION

| Name: Victor Burns | Drug of Choice: Hallucinogens | Date of Admission: 10/21/2021 | Est Date of Completion: 12/13/2021 | NYSID# (Court Use Only) |
|---|---|---|---|---|

## COURT INFORMATION

| Court: | Case Manager: | Telephone: | Court Email: |
|---|---|---|---|

## TREATMENT AGENCY

| Treatment Agency Name: Phoenix House Ronkonkoma | Type/Modality: Residential | Preparer's Signature: |
|---|---|---|

| Program Counselor: Victoria Moir | Program Contact: Same | Contact Telephone: 631-471-5666 ext | Provider Email: vmoir@phoenixho |
|---|---|---|---|

## RECOMMENDATION
☐ Maintain Current Treatment Status
☐ Referral for Additional Services
☐ Consider for Completion
☐ Revise Treatment Plan
☐ Being Considered for Discharge

## DRUG SCREEN

| ☐ Oral Swab | ☑ Urine Specimen |
|---|---|
| ☑ Lab | ☑ Breathalyzer |

## TREATMENT PLAN

| Initial Tx Plan | 10/23/21 | Re-evaluation Date |
|---|---|---|
| Last Tx Plan | 12/13/21 | Next Treatment Plan |

## TREATMENT SCHEDULE / ATTENDANCE P=Present/ E=Excused/ A=Absent/ L=Late (Attendance not required for residential)

| Month Oct-Nov | # sessions/wk 18 | # hrs/wk 18 | days/wk (check) M ☑ T ☑ W ☑ Th ☑ F ☑ Sa ☑ Su ☑ |
|---|---|---|---|

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Month Dec | # sessions/wk 18 | # hrs/wk 18 | days/wk (check) M ☑ T ☑ W ☑ Th ☑ F ☑ Sa ☑ Su ☑ |
|---|---|---|---|

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## TOXICOLOGY (P=Positive N=Negative L=Lab/Pending    Add * to Indicate Prescription Medication)

| Date | BUP | THC | FTY | GAB | OPD | Syn Stim | Syn THC | Coc | BZO | Amp | PCP | Alc | MDT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

Notes  Client present for all above group/individual sessions, and no positive toxicology results

Key: **BUP**= Buprennorphine; **THC**=Cannabinoids; **FTY**=Fentanyl; **GAB**=Gabapentin; **OPD**=Opioids; **Syn Stim**=Synthetic Stimulant;
**Syn THC**=Synthetic THC; **Coc**=Cocaine; **BZO**=Benzodiazepine; **Amp**=Amphetamine; **PCP**=Phencyclidine; **Alc**=Alcohol; **MDT**=Methadone

## TREATMENT AREAS
(N/A=not applicable, E=excellent, G=good, I=improved, NI=needs improvement)

| TREATMENT AREA | N/A | E | G | I | NI |
|---|---|---|---|---|---|
| Attitude towards Treatment | ☐ | ☑ | ☐ | ☐ | ☐ |
| Stability of med/psych health | ☐ | ☑ | ☐ | ☐ | ☐ |
| Status of Entitlements | ☐ | ☑ | ☐ | ☐ | ☐ |
| Family system status | ☐ | ☑ | ☐ | ☐ | ☐ |
| Participates in all program | ☐ | ☐ | ☑ | ☐ | ☐ |
| Develop social support network | ☐ | ☐ | ☑ | ☐ | ☐ |
| Educational/Vocational/Employment | ☐ | ☐ | ☑ | ☐ | ☐ |
| Medical/Dental Compliance | ☐ | ☑ | ☐ | ☐ | ☐ |

## SUPPORTIVE SERVICES (Indicate all services participant is attending)

| Type of Service | days/wk (check) | # absences | # attended |
|---|---|---|---|
| ☐ Comm. Service | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |
| ☐ Educ./Voc. Ed. | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |
| ☑ Med./Psych. | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |
| ☑ Parenting | M☐ T☑ W☐ Th☑ F☐ Sa☐ Su☐ | 0 | all |
| ☐ Probation | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |
| ☐ Support Grp | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |
| ☐ Other | M☐ T☐ W☐ Th☐ F☐ Sa☐ Su☐ | | |



**New York State Unified Court System
Treatment Court Progress Form**

| Page 2 (Mandatory for all Family Treatment Court Cases) |
| Client Name: _____ |

## PEER ADVOCATE SERVICES – COMMENTS

Please be specific and include recommendations and other relevant progress

_____
_____
_____
_____
_____
_____
_____
_____

## ADDITIONAL COMMENTS (Not Required)

Please be specific and include recommendations, relevant progress, responses to identified problems, changes in treatment plan, achievements, and issues with which the court may be able to assist

While a client at Phoenix House, Victor showed he was motivated towards all aspects of treatment and motivated to remain sober. Victor attended groups regularly and participated, and attended weekly individual sessions with counselor and was honest, forthcoming, and worked hard on all goals and objectives. Victor showed he was highly motivated to find work, to learn skills to remain the best parent possible via Fatherhood Initiative, showed an interest in continuing his care by enrolling in outpatient services, and always asked a lot of questions to ensure he followed the guidelines of his recovery and rules of treatment as best he could.

## UPDATE ON CHILDREN  (Mandatory for Family Treatment Court)

Comments, concerns and issues regarding children where the court may be able to assist: (Please include names of children and date of occurrence if known) (e.g., child visitation and child service issues, parent/child interaction, etc.)

**CLIENT SELF-REPORTED:**

_____
_____
_____
_____
_____

**TREATMENT PROVIDER OBSERVED:**

_____
_____
_____
_____
_____

**FAMILY SERVICES:**

_____
_____
_____
_____
_____

*** Any information reported on this form does not release treatment provider from any responsibility to immediately notify the appropriate child service agency (e.g., ACS) and/or the court of any outstanding issues or concerns*

(rev. 7/1/21)

Exhibit B

12/29/21, 10:50 AM                                                     Test Details

# DISCHARGE SUMMARY

PHOENIX HOUSES
OF LONG ISLAND
INC
*34-11 Vernon Blvd
Long Island City NY
11106*
**Phone:**17182226675

| | |
|---|---|
| Patient Name: | Burns, Victor |
| Patient DOB: | 10-Sep-1986 |
| Patient ID: | 829181 |
| Screening Status: | Complete |
| Completion Code: | Assessment Completed |
| Screening Mode: | Not Present |
| Location: | Ronkonkoma Center - Bldg. 153 |
| Administered By (Name): | Victoria Moir |
| Supervisor: | Vincenzo Panico, Advanced CASAC |
| Screen Date: | 28-Dec-2021 |
| Signed? | Yes |

## Discharge Summary

**Client Information** (ADT Screen)

1. Final Service Site — Controlled environment- SA residential treatment
2. Referring Agency — St. John's
3. Intake Date — 13-Dec-2021
4. Discharge Date — 27-Dec-2021
5. Discharge Reason — Completion
6. Highest Grade at Discharge — 2nd yr college, no diploma
7. Employment Status at Discharge — Unemployed - Looking for Work
8. Living Arrangement at Discharge — Private house/apartment
9. Presenting Problem (ADT Screen Intake Notes):

Client met DSM IV criteria for hallucinogen use disorder, severe, Cannabis Use Disorder, Severe, and Alcohol Use Disorder, mild.

**Clinical Assessment and Formulation**

10. Summary of Treatment (include engagement in clinical services and any challenges experienced in treatment):

Client completed 55% of goals, and 78% of objective. Client attended groups regularly and was an active participant. Client attended individual session each week with counselor and engaged. Client completed Fatherhood Initiative Program. Client attended some self help groups.

11. Overall Summary (describe circumstances of discharge and referrals made):

Client completed more than half of goals. Client was referred to outpatient services. Client was approved to discharge earlier than previous date decided upon by staff as positive covid results in house posed a greater risk of client possibly contracting the virus.

12) **Diagnoses**

F1620 Hallucinogen dependence, uncomplicated; F1220 Cannabis Depend Unspec; F1010 Alcohol Abuse

Test Details

### 13) **Medications**

Melatonin 10mg take 1 cap at bedtime, mirtazapine 15 mg tab take 1 tab before bedtime, Terbinafine 1 percent cream

---

⌐ Signatures ─────────────────────────────────────────────────

| Electronic Signature/Credentials | December 28, 2021 03:46:06 pm |
|---|---|
| Victoria Moir, Clinician, CASAC-T | Date of Signature |

Exhibit C

# Riverside Health Care System, Inc.
### St. John's Riverside Hospital - Park Care Pavilion
### Behavioral Health Services
### Resolve to Stop the Violence Program (RSVP)

Date: 8/13/21

## FACSIMILE TRANSMISSION

TO:        Mr. Michael K Burke, Esq

Company:   Attorney                              Phone        914 385-6030

FROM       Ricardo Matthews, CASAC       Fax: 914 385-6060

Program:   RSVP Program                    Phone #: 914 231-1199

Number of pages (including cover page) _____3_____

Message:   Mr. Voctor Burns DOB.   8/8/94

## CONFIDENTIAL COMMUNICATION

THIS TRANSMISSION IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DESTROY THE FAXED MATERIALS AND CONTACT THE SENDER IMMEDIATELY AT SOLUTIONS, TELE: (914) 231-1314. ANY UNAUTHORIZED FURTHER DISCLOSURE IN VIOLATION OF FEDERAL LAWS MAY RESULT IN FINE OR JAIL SENTENCE OR BOTH.

## PROHIBITION ON REDISCLOSURE OF CONFIDENTIAL COMMUNICATION

THIS NOTICE MAY ACCOMPANY A DISCLOSURE OF INFORMATION CONCERNING A CLIENT IN ALCOHOL/DRUG TREATMENT, MADE TO YOU WITH THE CONSENT OF SUCH CLIENT. THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS PROTECTED BY FEDERAL CONFIDENTIALITY RULES (42 C.F.R. PART 2). THE FEDERAL RULES PROHIBIT YOU FROM MAKING ANY FURTHER DISCLOSURE OF THIS INFORMATION UNLESS FURTHER DISCLOSURE IS EXPRESSLY PERMITTED BY THE WRITTEN CONSENT OF THE PERSON TO WHOM IT PERTAINS OR AS OTHERWISE PERMITTED BY 42 C.F.R. PART 2. A GENERAL AUTHORIZATION FOR THE RELEASE OF MEDICAL OR OTHER INFORMATION IS NOT SUFFICIENT FOR THIS PURPOSE. THE FEDERAL RULES RESTRICT ANY USE OF THE INFORMATION TO CRIMINALLY INVESTIGATE OR PROSECUTE ANY ALCOHOL OR DRUG ABUSE PATIENT.



St. John's Riverside Hospital
Behavioral Health Services
*Certificate of Completion*

Awarded to

# Victor Burns

for completing the

## Resolve To Stop the Violence Project (RSVP)

Joseph Hall, MS, CASAC-MC
Clinical Supervisor

CERT#.744

7/30/21
DATE

Ricardo Matthews, CASAC-2
Program Facilitator

**Matthews, Ricardo**

| | |
|---|---|
| **From:** | Steven Hollis <shollis@phoenixhouseny.org> |
| **Sent:** | Wednesday, June 30, 2021 3:39 PM |
| **To:** | Matthews, Ricardo |
| **Subject:** | Victor B. |

Good afternoon Mr. Matthews,

In regards to Victor Burns' phone screening, it has been determined Victor is eligible and appropriate for services, and is approved for admission to Phoenix House Parkside Campus, located in Long Island City, NY.

If you have any questions or concerns, please feel free to contact me at the number below.


Thank you


Steven Hollis, CASAC
Admissions Counselor
Phoenix House
34-25 Vernon Boulevard
Long Island City, NY 11101
(Ph)212-831-1555 Ext. 3886
(Fax)631-237-3478
shollis@phoenixhouseny.org

1

Exhibit D

# Certificate of Completion

This is to certify that

**VICTOR BURNS**

Has successfully completed the 3.0 Hours

## Understanding Domestic Violence Course

with the        Retreat Inc's LIFI Program

National Fatherhood Initiative®

LONG ISLAND
**FATHERHOOD**
INITIATIVE

December 14, 2021



Romarie McCue, Program Director
Long Island Fatherhood Initiative Program

Exhibit E

# This Certificate of Completion

certifies that

**VICTOR BURNS**

Has successfully completed the

**24/7 Dad™ Program**

**National Fatherhood Initiative®**

Conducted on

December 14, 2021

with the

Retreat Inc's LIFI Program

*Romarie McCue*

**Romarie McCue, Program Director**
Long Island Fatherhood Initiative Program

*Christopher A. Brown*

**Christopher A. Brown, President**
National Fatherhood Initiative

LONG ISLAND
**FATHERHOOD**
INITIATIVE

Exhibit F

Dear Judge Siebel,                                    (6-3-21)

Your honor I apologize for taking up your time with this letter but I had reached out to both Mr. Burns probation officer as well Mrs. Cohen to express my remorse for this entire situation but ultimately I feel being heard by you may help me get some peace of mind. Your honor after the last time I was in your court room I'm sure you hoped we would never interact with one another again. I honestly, whole heartedly love Mr. Burns. I also know whole heartedly that we are not well together I do not want you to feel that this letter was forced or asked of me and I do not want you to believe I am excusing either one of our's behaviors but I do have to make the night in question clear. Victor did not make me fear for my safety. He did not physically assault me at any point when he was home this last time. I do believe that Mr. Burns has tried to make some sort of a change within himself. He was much more present in his 2020 life. He tried to be more patient with me. Unfortunately Mr. Burns struggles

RECEIVED

JUN 03 2021

CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

with infidelity which is why our relationship always has trouble. The night in question I had kicked Mr. Burns out for being unfaithful and he ended up being stabbed. I took him to the hospital but left him there and came back home. I had driven his car back so the keys were in my house. I did refuse to let him in and so he broke the door. Again, please know I am not excusing his behavior. I am aware as is he that breaking someones door is against the law. However I did not reach out to Alex until after Mr. Burns had left and I found out he was with another woman. I reach out out of anger and spite not fear and that is why I feel guilt and remorse. Mr. Burns is a broken man who needs psychological help but I do not feel he should serve the maximum sentence for this offense. I am asking for mercy when sentencing. I understand my part in this as well and you have my word that I will no longer be in a relationship with him again but I had to write you to clear my mind. Thank you so much for your time!!! Respectfully,

If you have further questions
or concerns please feel free to
reach me at ████████████

WESTCHESTER NY 105

7 JUN 2021   PM 2 L

USA FOREVER

USMA MA WR
SMLK

Kathy Siebel
300 Quarropas St
White Plains NY 10601

10601-414000





RECEIVED
JUN 09 2021
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

Exhibit G

From: **Sanford G. Jacobs** SJacobs@hwb-lawfirm.com
Subject: FW: Victor Burns
Date: May 18, 2021 at 9:16 PM
To: Michael K. Burke mburke@hwb-lawfirm.com



Please see below.

Thanks

Sanford G. Jacobs, Esq.
HODGES WALSH & BURKE, LLP
55 Church Street, Suite 211
White Plains, New York 10601

Telephone:  914-385-6000
Facsimile:   914-385-6060

SJacobs@hwb-lawfirm.com


-------- Original message --------
From: Natasha Burns <nburns0@gmail.com>
Date: 5/18/21 9:23 AM (GMT-05:00)
To: "Sanford G. Jacobs" <SJacobs@hwb-lawfirm.com>
Subject: Victor Burns

Greetings,

I am writing this email on behalf of my brother Victor Burns. Mr. Burns was paroled to my residence at
120 Beach 26th Street Apt 610 Far Rockaway NY, 11691 upon his release date on August 18th 2020.

During his stay in my home, he has been a tremendous help with my son Noah. I am a full time
employee at Quest Diagnostics with early morning hours and Mr. Burns became my caregiver for my
son.

Mr. Burns will help me with groceries, cleaning, laundry, and would also have his son Kamden Burns
visit. During Kamden's visit Victor would assist his son with his online school work.

During his release, Victor has earned his permit to drive, as well as had an upcoming road test
scheduled on May 12th, 2021 prior to his arrest on May 7th, 2021.

He has had such an amazing turn around, and had a lot of positive things going for him self.

He also met a very sweet young lady by the name of Melissa who happens to live just walking distance
from my home. It was nice to see him in such high spirits with her.

It seems as if whenever he is trying to stay away from ▮▮▮his previous girlfriend, she finds a way to
make everything negative.

Although, Burns was ordered to stay away from ▮▮▮and we all know he should have, both of them
were in love. It was not Burns harassing her. I am a witness to there relationship.

Burns tried several times to let ▮▮▮know that he didn't want to be with her. Once he stopped
answering phone calls and text messages, ▮▮▮found a way into his T-mobile account.

She called several females, which one in particular was Melissa. After finding out Victor was trying to
build a friendship with the young lady Melissa, ▮▮▮contacted his probation officer.

After ▮▮▮made his probation officer aware of his dealings with her, she was calling Burns being very
apologetic for what she has done.

█████ has been to my residence after she contacted Mr. Burns probation officer. Although, I did not allow her in my home, they were in the req room in my building playing pool.

My building has 24 hour security along with cameras. ████ came to my residence twice after she contacted Burns and he was placed on house arrest.

She also slept in her car in front of my building which would also be on camera.

There was another situation where █████ sold her car to one of Victor's friends for $900. Once, Jane found out Burns was in other relations with females, she gave the car away to her children's father but kept the young man's money.

I am a witness to hearing the young man ask for the car or his money back and Burns reaching out to █████ which she stated, she doesn't have the money to give back to the friend and that it is Victor's problem not hers.

Whenever Victor is doing positive things in his life and doesn't want to be with ████ she tries to make his life extremely difficult.

She causes a lot of negative impact in his life. Although, I tell my brother that he put himself in this situation, because he should have listened to the judge knowing they are toxic for each other. He doesn't deserve to be put away because of simply wanting to move on with his life with Jane not being apart of it.

Since his arrest, my nephew Kamden has called me every day asking where is his dad and why isn't he picking up his phone calls.

My son spins his self around on the floor laughing because Victor did that with him everyday.

My brother is not a bad person, he just makes stupid decisions at times.

Please allow him to continue that bond he was building with his child. Please allow him to feel that excitement of passing his road test. Please allow him to find a job or go back to school. Please allow him to progress in life.

Thank you!
Natasha Burns
347-367-7061


She stated for


Sent from my iPhone

**From:** Sanford G. Jacobs SJacobs@hwb-lawfirm.com 
**Subject:** FW: Victor Burns
**Date:** May 22, 2021 at 9:46 PM
**To:** Michael K. Burke mburke@hwb-lawfirm.com

Please see below.

Enjoy the rest of the weekend.

Sanford G. Jacobs, Esq.
HODGES WALSH & BURKE, LLP
55 Church Street, Suite 211
White Plains, New York 10601

Telephone: 914-385-6000
Facsimile: 914-385-6060

SJacobs@hwb-lawfirm.com

-------- Original message --------
From: Natasha Burns <nburns0@gmail.com>
Date: 5/22/21 9:50 AM (GMT-05:00)
To: "Sanford G. Jacobs" <SJacobs@hwb-lawfirm.com>
Subject: Victor Burns

Greetings,

I am writing this email regarding my brother Victor Burns.

Below is an image I attached of a small cellular device that J█████ purchased from her Amazon account.

Upon J████s return from a trip she took to Miami, she came from JFK airport and drove to my residence which is about a 30 minute drive or less.

She gave Victor the cellular device in hopes he can sneak it into the jail so they can still communicate with one another knowing Burns would not be able to contact her once in jail.

Once again, my residence has 24 hour surveillance cameras and I am sure you can check to see where the cellular device was purchased from through Amazon.





Sent from my iPhone

Exhibit H



**From:** **Sanford G. Jacobs** SJacobs@hwb-lawfirm.com
**Subject:** FW: Victor Burns Letter
**Date:** May 23, 2021 at 10:20 PM
**To:** Michael K. Burke mburke@hwb-lawfirm.com

Please see below.


Sanford G. Jacobs, Esq.
HODGES WALSH & BURKE, LLP
55 Church Street, Suite 211
White Plains, New York 10601

Telephone: 914-385-6000
Facsimile:   914-385-6060

SJacobs@hwb-lawfirm.com


-------- Original message --------
From: Lorraine Fisher <lorrainefisher1020@gmail.com>
Date: 5/23/21 9:59 PM (GMT-05:00)
To: "Sanford G. Jacobs" <SJacobs@hwb-lawfirm.com>
Subject: Victor Burns Letter

Greetings,

My name is Lorraine Fisher and I am the mother of Victor Burns.

I am writing this letter not to pursued you of his punishment for his decision he chose to not obey the judge's order to stay away from ████.

I am simply notifying you of my own witnessing to there relationship. I would also like to inform you of my son's positive life changing progress he had going for himself since his return to society.

Although, my son is the individual on probation, ████ makes it extremely hard on him to stay away. I know it may sound silly to say because Victor is an adult, but ████ is far from innocent in this situation.

████ has showed up to my home on numerous occasions at early morning hours excessively honking her horn looking for Victor.

She has shown up to my home on several occasions when Victor tells her he can't be with her anymore. I informed her that Victor does not live here and she can not come to my home. I informed her many times to please stay away from my home.

There was also a time I purchased a cell phone for Victor and a week later ████ cracked his screen. I was left with the responsibility of paying for the broken phone.

████ is very possessive and when she does not get her way with him she notifies his parole officer.

Once Victor notified me of Jane breaking into his T-mobile account and harassing females who he has contact with, I expressed to him that he should notify his probation officer or perhaps bring it to his counselor's attention and maybe ask for advice on what he should do.

Victor stated to me that he did notify his probation officer but she informed him that Jane is not the one on probation.

My son was finally heading towards the right direction. He paid his previous driving tickets and earned his permit. He had a scheduled road test coming up.

Victor was spending a lot of time with his son. To see my grandson so happy to be with his dad was an amazing feeling. Victor attended Kam's football games every Sunday.

Victor was also looking into getting his CDL. He talked about driving for Amazon or Fed ex once he received his license. He had a lot of high hopes and it was a great sight to see.

My son has spent most of his youth in prison and it was always for making stupid decisions. My husband and I try our best to push him in the right direction. There's a saying "You can't help someone who doesn't want to help themselves".

For once in my son's life, he wanted to help himself. He was helping himself. Prison is not going to continue that path of him going towards the right direction.

Best Wishes

Lorraine A. Fisher

Exhibit I

From: **Sanford G. Jacobs** SJacobs@hwb-lawfirm.com 
Subject: FW: In reference to VICTOR BURNS
Date: May 18, 2021 at 9:20 PM
To: Michael K. Burke mburke@hwb-lawfirm.com

Another  email regarding Burns.

Sanford G. Jacobs, Esq.
HODGES WALSH & BURKE, LLP
55 Church Street, Suite 211
White Plains, New York 10601

Telephone:  914-385-6000
Facsimile:  914-385-6060

SJacobs@hwb-lawfirm.com

-------- Original message --------
From: Melissa Morales <mmorales0325@yahoo.com>
Date: 5/18/21 8:11 PM (GMT-05:00)
To: "Sanford G. Jacobs" <SJacobs@hwb-lawfirm.com>
Subject: In reference to VICTOR BURNS

Hello good evening Michael Burke my name is Melissa Morales I'm sending you this message in ref to
victor burns I screenshot my T-Mobile call history to show that ▋▋▋ had reached out to me from a fake
call app to tell me that she knows where victor is and she was going to "fuck him up" and she actually
put a voice as if it was a male if I have to testify and swear under oath that she did contact me in
reference to victor. That is my T-Mobile call log fit shows when I met victor and began to talk and then
when i received a call from a fake text/call app with the same area code 845 . Feel free to give me a
call if needed thank you , Melissa Morales (▋▋▋▋▋▋▋▋

Sent from my iPhone



               MELISSA

# Call details

**Mar 19 - Apr 18, 2021**

Total: 4526 minutes            Total charges: $0.00

04/15/2021,03:21 PM
to Bronx Nyc/NY
(347) 847-5733                                    --
62 Min
T-Mobile to T-Mobile

T-Mobile to T-Mobile

04/15/2021,03:19 PM
to Mountkisco/NY
(914) 602-4720                                    --
1 Min
T-Mobile to T-Mobile

04/15/2021,03:10 PM
Incoming
(973) 557-7366                                    --
4 Min
--

04/15/2021,02:45 PM
to New York/NY
(646) 415-4179                                    --
1 Min
--

04/15/2021,01:36 PM
to Nyack/NY
(845) 675-2528                                    --
1 Min
T-Mobile to T-Mobile

04/15/2021,11:59 AM
to White Pls/NY
(914) 671-0303                                    --
4 Min
T-Mobile to T-Mobile

04/15/2021,10:22 AM
to Bronx Nyc/NY
(347) 847-5733                                    --
21 Min
T-Mobile to T-Mobile

04/14/2021,11:06 PM
to Nyack/NY
(845) 675-2528                                    --
114 Min
T-Mobile to T-Mobile

04/14/2021 09:33 PM

04/14/2021,09:33 PM
Incoming
(347) 847-5733                                          --
29 Min
T-Mobile to T-Mobile

04/14/2021,09:18 PM
to Nyack/NY
(845) 675-2528                                          --
12 Min
T-Mobile to T-Mobile

04/14/2021,08:50 PM
to Bronx Nyc/NY
(347) 847-5733                                          --
29 Min
T-Mobile to T-Mobile

04/14/2021,08:48 PM
to Nyack/NY
(845) 675-2528                                          --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:46 PM
to Nyack/NY
(845) 675-2528                                          --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:46 PM
Incoming
(929) 470-6521                                          --
2 Min
--

04/14/2021,08:43 PM
to Bronx Nyc/NY
(347) 847-5733                                          --
4 Min
T-Mobile to T-Mobile

04/14/2021,08:41 PM
to Nyack/NY

(845) 675-2528                                   --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:35 PM
to Bronx Nyc/NY
(347) 847-5733                                   --
4 Min
T-Mobile to T-Mobile

04/14/2021,08:34 PM
to Nyack/NY
(845) 675-2528                                   --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:31 PM
to Nyack/NY
(845) 675-2528                                   --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:30 PM
to Nyack/NY
(845) 675-2528                                   --
1 Min
T-Mobile to T-Mobile

04/14/2021,08:30 PM
to Monroe/NY
(845) 604-5408                                   --
1 Min
--

04/14/2021,08:29 PM
Incoming
(845) 604-5408                                   --
1 Min
--

04/14/2021,08:29 PM
Incoming
(845) 604-5408                                   --
1 Min

--

04/14/2021,08:11 PM
Incoming
(646) 415-4179                              --
2 Min
--

04/14/2021,07:54 PM
Incoming
(646) 415-4179                              --
1 Min
--

04/14/2021,07:24 PM
to New York/NY
(917) 941-7559                              --
1 Min
--

04/14/2021,03:04 PM
to Bronx Nyc/NY
(347) 847-5733                              --
4 Min
T-Mobile to T-Mobile

04/14/2021,02:47 PM
Incoming
(845) 675-2528                              --
16 Min
T-Mobile to T-Mobile

04/14/2021,02:14 PM
Incoming
(917) 547-7832                              --
5 Min
T-Mobile to T-Mobile

04/14/2021,01:41 PM
to New York/NY
(917) 547-7832                              --
8 Min
T-Mobile to T-Mobile

04/14/2021,01:37 PM
Incoming
(917) 547-7832                                    --
4 Min
T-Mobile to T-Mobile

04/14/2021,12:26 PM
to Bronx Nyc/NY
(347) 847-5733                                    --
49 Min
T-Mobile to T-Mobile

04/14/2021,12:04 PM
to Mahopac/NY
(914) 621-5982                                    --
5 Min
--

04/14/2021,11:56 AM
to New York/NY
(646) 415-4179                                    --
1 Min
--

04/14/2021,11:24 AM
to New York/NY
(646) 415-4179                                    --
1 Min
--

04/14/2021,09:37 AM
to Queens Nyc/NY
(718) 327-8435                                    --
1 Min
--

04/13/2021,11:55 PM
to New York/NY
(646) 415-4179                                    --
1 Min
--

04/13/2021,10:16 PM
Incoming

Incoming
(347) 847-5733                                              --
4 Min
T-Mobile to T-Mobile

04/13/2021,09:28 PM
Incoming
(347) 847-5733                                              --
27 Min
T-Mobile to T-Mobile

04/13/2021,09:22 PM
to Bronx Nyc/NY
(347) 847-5733                                              --
6 Min
T-Mobile to T-Mobile

04/13/2021,03:14 PM
to Bronx Nyc/NY
(347) 847-5733                                              --
1 Min
T-Mobile to T-Mobile

04/13/2021,02:46 PM
Incoming
(646) 288-1432                                              --
5 Min
Call Waiting

04/13/2021,02:34 PM
to Bronx Nyc/NY
(347) 847-5733                                              --
13 Min
T-Mobile to T-Mobile

04/13/2021,02:06 PM
to Bronx Nyc/NY
(347) 847-5733                                              --
1 Min
T-Mobile to T-Mobile

04/13/2021,01:40 PM
to Bronx Nyc/NY
(347) 847-5733                                              --
1 Min

1 Min
T-Mobile to T-Mobile

04/13/2021,01:20 PM
to Bronx Nyc/NY
(347) 847-5733                                    --
11 Min
T-Mobile to T-Mobile

04/13/2021,11:16 AM
to New York/NY
(646) 415-4179                                    --
1 Min
--

04/13/2021,10:15 AM
to Bronx Nyc/NY
(347) 847-5733                                    --
4 Min
T-Mobile to T-Mobile

04/13/2021,10:08 AM
to New York/NY
(917) 455-6069                                    --
7 Min
--

04/13/2021,10:07 AM
Incoming
(718) 327-8435                                    --
1 Min
Call Waiting

⟨   **1**  2  **3  4  5**  ...  **10**   ⟩

**Connect with T-Mobile**

 

**English**   **Español**



**Support**

**Contact us**

**Store locator**

**Coverage**

**T-Mobile.com**

**Feedback**



© 2002–2021 T-Mobile USA, Inc.

**About**    **Investor relations**    **Press**    **Careers**

**Deutsche Telekom**    **Puerto Rico**

Privacy notice    Interest-based ads

Privacy Center    Consumer information

Public safety/911    Terms & conditions

Terms of use    Accessibility    Open Internet

Do Not Sell My Personal Information

Exhibit J

**From:** **Victor Burns** vburns91086@gmail.com 
**Subject:** Proof of employment
**Date:** February 4, 2022 at 2:52 PM
**To:** mburke@hwb-lawfirm.com

---

2:49 W ⓦ 🔳 🔲 ⚙ •    📷 📶 ⬛

← **Account History**   🔍 ↪

| | |
|---|---|
| Electronic Deposit MANPOWER / MILWAUKEE WI - PAYROLL JAN 21, 2022 | $678.62 $824.59 |
| Electronic Deposit MILLERS / TOUCH CL 1233236186 RI - DIRECT DEP JAN 21, 2022 | $145.63 $145.97 |
| Point Of Sale Withdrawal / SLICE*BROTHERBRUNO SLICELIFE.COMNYUS JAN 20, 2022 | -$9.79 $0.34 |
| Point Of Sale Deposit Cash / App*Cash Out Visa Direct CAUS JAN 20, 2022 | $9.75 $10.13 |
| Point Of Sale | -$9.88 |

💲        ⇄        🧾        🗾

Accounts   Make a tra...   Bill Pay   Check Dep...   More